[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————————

No. 02-1097

DARTMOUTH-HITCHCOCK CLINIC AND
HITCHCOCK CLINIC, INC.,

Plaintiffs, Appellants,

v.

UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK,

Defendant, Appellee.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

———————————

Before

Torruella and Lipez, Circuit Judges,
and Schwarzer,* Senior District Judge.

———————————

Ronald L., Snow, with whom Jennifer A. Eber was on brief, for appellants.
William C. Nystrom, with whom Irwin B. Schwartz, Robert R. Lucic and Elizabeth A. Bailey were on brief for appellee.

———————————

July 29, 2002

———————————

———————————

*The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**Per Curiam**.

I.

Dartmouth-Hitchcock Clinic and Hitchcock Clinic, Inc. (Hitchcock) brought this action against United States Life Insurance Company (USLife) for injunctive and other relief against cancellation by USLife of two insurance policies covering Hitchcock's employees.[1] USLife moved for summary judgment on three grounds: that the policy gave USLife the absolute right to cancel the policy on any anniversary date after the first, that it was undisputed that USLife gave Hitchcock no assurances to the contrary, and that the policy prohibited the agents of USLife from changing the terms of the policy without written authorization from USLife and none had been given.

Hitchcock opposed the summary judgment motion on three grounds: that whether USLife's agents had authority to vary the terms of the policy raised triable issues of fact, that as a matter of law the three-year rate guarantee from one such agent gave Hitchcock coverage for that period of time, and that as a matter of law the request for change of plan (extending the three-year rate guarantee) was binding on USLife.

The district court granted USLife's motion on the ground that the policy unambiguously reserved to USLife the right to

---

[1]Because both policies contain identical terms and the district court and the parties treat them as a single policy, we do the same.

cancel the policy on any anniversary date after the first notwithstanding the extension of a rate guarantee to Hitchcock. Hitchcock then moved for reconsideration under Federal Rule of Civil Procedure 59 on various grounds, none of which included an assertion that ambiguity in the policy raised a triable issue of fact. The court denied the motion.

Hitchcock now appeals from the judgment, contending for the first time that ambiguities in the policy raised disputed issues of fact entitling it to trial. Hitchcock did not advance this contention in its opposition to USLife's motion for summary judgment or in its motion for reconsideration. Because of this failure and the absence of "extraordinary circumstances," which Hitchcock does not claim to exist, we affirm. Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987); see also Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).[2]

II.

Our affirmance on the basis of our long-standing forfeiture doctrine visits no prejudice on Hitchcock because its position is wholly without merit. USLife issued a group disability

---

[2]Hitchcock also appeals from the district court's denial of its Rule 56(f) motion. Fed. R. Civ. P. 56(f). It asserts error because of ambiguities in the policy. We reject the assertion both because it is barred by waiver, as noted above, and because Hitchcock cites us to no abuse of discretion. Pub. Serv. Co. of N.H. v. Hudson Light & Power, 938 F.2d 338, 346 (1st Cir. 1991).

insurance policy to the University Physicians Trust (Trust). Hitchcock was one of a number of participating employers who had entered into agreements with the Trust, entitling it to selected coverage provided by the policy. The policy described available benefits and options, setting out general provisions, exclusions, and means by which coverage could be terminated. With respect to the latter, the policy provided that "USLife reserves the right to end this policy on any policy anniversary after the first." The rights under the policy of each participating employer such as Hitchcock were further defined in discrete plans of insurance by which that employer obtained coverage under the policy. The particular employer's plan specifies the premium for that employer's coverage and varies with the coverages elected.

Hitchcock's dealings with respect to its plan of insurance were entirely with Medical Group Financial Services, Inc. (MGFS), the settlor and Trust administrator. It had no direct contact with USLife. In December 1997, MGFS offered Hitchcock a new premium rate under its plan of insurance "guaranteed for three years," to end on December 31, 2000. On December 21, 1998, USLife notified MGFS that the policy would be canceled on the next anniversary date, July 1, 1999.

We agree with the district court that the policy unambiguously gave USLife the right to cancel the policy on any anniversary date after the first. The rate guarantee, on which

-4-

Hitchcock would hang its hat, was the product of a wholly unrelated transaction, to wit, MGFS's negotiation of rates with Hitchcock under the particular plan of insurance by which it secured coverage under the policy. The policy deals specifically with the effect of rate guarantees on USLife's rights under the policy. It provides that USLife may change a premium on the day following the rate guarantee date specified in an employer's plan of insurance. Thus, the policy unambiguously spells out USLife's obligation under the policy: it must provide coverage at the agreed-upon rate for the period of the rate guarantee unless it cancels the (entire) policy at the next anniversary date. Given these specific provisions, nothing in the policy gives rise to an issue whether Hitchcock's rate guarantee under its plan modified USLife's right to terminate the policy.

**Affirmed**.